# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

| | |
|---|---|
| PALMETTO STATE ARMORY, LLC, | Civil Action No. 3:19-00072-JMC |
| Petitioner, | |
| v. | PETITION TO CONFIRM ARBITRATION AWARD |
| LEONARD SCOTT HUFF, DAVID FILLERS, and DESTRUCTIVE DEVICES INDUSTRIES, LLC, | |
| Respondents. | |

COMES NOW Petitioner Palmetto State Armory, LLC (Petitioner), by and through its counsel, and respectfully moves for an order confirming an award made pursuant to arbitration between Petitioner and Respondents Leonard Scott Huff (Huff), David Fillers (Fillers), and Destructive Devices Industries, LLC (DDI) (collectively, the Respondents). In support thereof, Petitioner respectfully states the following:

## INTRODUCTION

1. This matter arises out of an arbitration proceeding conducted in Columbia, South Carolina pursuant to a binding arbitration agreement between Petitioner and Respondents.

2. On November 28, 2018, a Final Award was issued in Petitioner's favor, a true and correct copy of which is attached hereto as Exhibit A.

3. Petitioner seeks an order from this Court pursuant to the Federal Arbitration Act, 9 U.S.C.A. § 9, confirming the Final Award, and an entry of judgment thereon pursuant to 9 U.S.C.A. § 13.

## PARTIES

4. Petitioner is a South Carolina limited liability company.

5. Respondent Huff is on information and belief a resident of Tennessee.

6. Respondent Fillers is on information and belief a resident of Tennessee.

7. Respondent DDI is an Indiana limited liability company.

## JURISDICTION

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C.A. § 1332(a) as the dispute arises between citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## VENUE

9. Venue is appropriate in this Court pursuant to 9 U.S.C.A. § 9 and Local Civil Rule 3.01(A)(1) as the arbitration award was made in Columbia, South Carolina.

## FACTS

10. On June 1, 2016, the parties entered into an agreement (Operating Agreement) for the operation of DDI. Exhibit B, Operating Agreement.

11. The Operating Agreement provided that any dispute, claim, or controversy arising out of the Operating Agreement would be settled by binding arbitration upon a party's submission of the dispute to arbitration. Exhibit B, § 11.10(a).

12. The Operating Agreement further provided that all costs and expenses of arbitration, including reasonable attorneys' fees, shall be allocated among the parties as determined by the arbitrators. Exhibit B, § 11.10(h).

13. Disputes subsequently arose between the parties as to the business, resulting in Petitioner's dissociation from DDI.

14. On March 31, 2017, Respondents filed a complaint and demand for arbitration with the American Arbitration Association, alleging various claims against Petitioner and seeking not less than $3,400,000.00 in alleged damages.

15. Petitioner answered the complaint and asserted counterclaims against Respondents.

16. The arbitration proceeding was conducted in Columbia, South Carolina in accordance with the Operating Agreement. Exhibit B, § 11.10(c).

17. On November 28, 2018, following briefing and a hearing on the merits, the panel of arbitrators entered a Final Award rejecting Respondents' claims against Petitioner and awarding Petitioner attorneys' fees and costs in the amount of $215,285.50. Exhibit A.

18. The Final Award has not been vacated, modified, or corrected.

19. This application is being made within one year after the Final Award was made.

## FIRST CAUSE OF ACTION
### (Confirmation of Award)

20. The relevant allegations contained in the preceding and subsequent paragraphs are reasserted and reincorporated as fully as if set forth verbatim herein, insofar as they are not inconsistent with the allegations of this cause of action.

21. The parties' Operating Agreement provides that any award issued as a result of arbitration may be entered as a final judgment or order in any court of competent jurisdiction. Exhibit B, § 11.10(g).

22. As noted above, this Court has jurisdiction and, therefore, pursuant to the agreement of the parties and the Federal Arbitration Act, has power to confirm the Final Award issued by the panel of arbitrators on November 28, 2018, awarding Petitioner the amount of $215,285.50.

23. No grounds exist to vacate, modify, or correct the Final Award.

24.     Accordingly, this Court should issue its order confirming the Final Award and awarding post-judgment interest pursuant to 28 U.S.C.A. § 1961, and enter judgment in favor of Petitioner pursuant to the Final Award.

## PRAYER FOR RELIEF

**WHEREFORE**, Petitioner prays that the Court grant judgment and issue an order confirming the Final Award, awarding post-judgment interest, and providing such other relief as the Court may deem just and proper.

Respectfully submitted,

s/ John W. Roberts
Randolph R. Lowell, Fed. Bar No. 9203
Tracey C. Green, Fed. Bar No. 6644
John W. Roberts, Fed. Bar No. 11640
**WILLOUGHBY & HOEFER, P.A.**
Post Office Box 8416
Columbia, South Carolina 29202-8416
rlowell@willoughbyhoefer.com
tgreen@willoughbyhoefer.com
jroberts@willoughbyhoefer.com
(803) 252-3300

*Attorneys for Palmetto State Armory, LLC*

January 9, 2019
Columbia, South Carolina