**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | | |
|---|---|---|
| Palmetto State Armory, LLC, | ) | |
| | ) | Civil Action No. 3:19-cv-00072-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Leonard Scott Huff; David Fillers; | ) | |
| Destructive Devices Industries, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Palmetto State Armory, LLC, filed a petition to confirm an arbitration award against Defendants Leonard Scott Huff, David Fillers, and Destructive Devices Industries, LLC. (ECF No. 1.) A panel of arbitrators issued a "Final Award" to Plaintiff on November 28, 2018. (ECF No. 1 at 1 ¶ 2.)

Plaintiff seeks a court order: (1) confirming the Final Award, (2) entering judgment against Defendants for $215,285.50 pursuant to 9 U.S.C. § 13 (1947) ("Enforcement"), and (3) awarding post-judgment interest pursuant to 28 U.S.C. § 1961 (2000) ("Interest"). (ECF No. 1 at ¶¶ 22, 24.) Defendants have not responded to Plaintiff's petition. (ECF No. 17.)

According to Plaintiff, the parties entered into an agreement ("Operating Agreement") on June 1, 2016, that required "any dispute, claim, or controversy arising out of the Operating Agreement [to] be settled by binding arbitration." (ECF No. 1 at 2 ¶¶ 10-12.) Conflicts regarding the business resulted in Plaintiff's disassociation from Defendants. (ECF No. 1 at 2 ¶ 13.) On March 31, 2017, Defendants filed a complaint and demand for arbitration with the American Arbitration Association. (ECF No. 1 at 3 ¶ 14.)

Under the Federal Arbitration Act, a court may confirm an arbitration award "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration . . ." 9 U.S.C. § 9 ("Award of Arbitrators"). The court's role in reviewing an arbitrator's decision generally is "to determine only whether the arbitrator did his job – not whether he did it well, correctly, or reasonably, but simply whether he did it." *Wachovia Securities, LLC, v. Brand*, 671 F.3d 472, 478 (4th Cir. 2012).

"Federal courts may vacate an arbitration award only upon a showing of one of the grounds listed in the Federal Arbitration Act, or if the arbitrator acted in manifest disregard of law." *Apex Plumbing Supply v. U.S. Supply Co., Inc.*, 142 F.3d 188, 193 (4th Cir. 1998). Section 10(a) allows a court to vacate an arbitration award in certain circumstances:

> In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration:
>
> > (1) where the award was produced by corruption, fraud, or undue means;
> >
> > (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> >
> > (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or any other misbehavior by which the rights of any party have been prejudiced; or
> >
> > (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter was not made.

9 U.S.C. § 10(a) (2002) ("Grounds").

After a thorough review of the record, the court finds that the arbitration award meets the requirements of Section 9, and that there is no reason to vacate the award under Section 10.

Therefore, the court **GRANTS** Plaintiff's petition to confirm arbitration award (ECF No. 1), with interest at the rate provided for in 28 U.S.C. § 1961.

      **IT IS SO ORDERED.**

_J. Michelle Childs_
United States District Judge

August 27, 2019
Columbia, South Carolina